OPINION
{¶ 1} Appellant, Roy Posadny, appeals a decision by the Butler County Court of Common Pleas, Juvenile Division, finding him in contempt of court with respect to visitation.
 {¶ 2} Appellant and appellee, Stacy A. Williams, were divorced in Montgomery County on October 23, 2000. Appellee was named residential parent of the parties' two children, ages 8 and 11. On April 23, 2002, appellant filed a complaint in Butler County Juvenile Court alleging abuse and dependency with respect to the children. Temporary custody of the children was awarded to their maternal grandmother, followed by an award of legal custody to appellant. Appellee was granted visitation privileges.
 {¶ 3} The motion for contempt alleges that on three separate occasions the children declined to visit with appellee, and that appellant did not require the children to visit with her as ordered. Following a hearing, a juvenile court magistrate found appellant in contempt of the visitation order. The magistrate stated that there was "no testimony from father [appellant] that he made any reasonable effort to encourage the children to go with their mother [appellee]. The court's order granting parenting time to the mother is directed at the father. It is his obligation to see that the children comply with the visitation order." The magistrate awarded appellee additional visitation time with the children to make up for the missed visitation.
 {¶ 4} After receiving the magistrate's decision, appellant moved for findings of fact and conclusions of law. The magistrate filed an amended decision which included findings on August 10, 2004. Appellant's objections to the magistrate's amended decision were overruled and he then filed this appeal.
 {¶ 5} On appeal, appellant presents six assignments of error. The first three assignments of error are as follows:
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "The finding of the magistrate that appellant prevented the appellee mother from exercising visitation rights is against the manifest weight of the evidence and contrary to law."
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "When a mother appears for visitation and the children talk to her on the porch outside the residence and advise the mother that they do not desire to go with her and the mother honors their desires and voluntarily leaves, the father is not guilty of contempt for denial of visitation."
 {¶ 10} Assignment of Error No. 3:
 {¶ 11} "There is no clear and convincing evidence that appellant prevented his daughters from visiting with their mother."
 {¶ 12} Appellant's argument is that because the children told appellee that they did not want to visit with her on particular occasions, and appellee agreed to honor the children's wishes and forgo visitation, the juvenile court erred by finding him in contempt of the visitation order. This court disagrees.
 {¶ 13} The juvenile court is entitled to enforce its visitation orders. See Davis v. Davis (1988),55 Ohio App.3d 196. Further, the right to visitation should be denied only under extraordinary circumstances, such as a showing that the noncustodial parent is unfit or a showing that the visitation would cause harm. Ware v. Ware (Mar. 4, 2002), Warren App. No. CA2001-10-089, 2002-Ohio-871. In fact, absent a showing of some justification for preventing visitation, the custodial parent must do more than "merely encourage" minor children to visit the noncustodial parent. Id.
 {¶ 14} Disobedience to court orders may be punished by contempt. R.C. 2705.02(A). This court will not reverse a trial court's contempt finding absent an abuse of discretion. State exrel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable, and is more than a mistake of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 15} Based upon the foregoing, we find that the trial court's decision to find appellant in contempt of court was not an abuse of discretion. The first three assignments of error are overruled.
 {¶ 16} The fourth assignment of error is as follows:
 {¶ 17} "The magistrate abused his discretion, committing prejudicial error and denied defendant due process of law by refusing to grant a continuance to present as a witness the sheriff's deputy."
 {¶ 18} At the contempt hearing, appellant issued a subpoena requesting the presence of a Butler County Sheriff's Deputy who responded to a call from appellee on one occasion when the children refused to come with her for visitation. The sheriff's deputy was unable to appear at the hearing because he was on vacation, and the trial court denied appellant's motion for a continuance.
 {¶ 19} Testimony at the hearing indicated that the sheriff's deputy would have testified that the children did refuse to go with appellee for visitation, and that the deputy stated to the parties that he was not able to force the children to visit with appellee.
 {¶ 20} The decision to grant or deny a continuance is within the sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65. It was within the discretion of the trial court to deny appellant's motion for a continuance based upon the unavailability of the sheriff's deputy. Further, given the basis of the trial court's decision and the expected testimony of the deputy, it is unlikely that the deputy's testimony would have affected the decision below. The fourth assignment of error is overruled.
 {¶ 21} The fifth assignment of error reads as follows:
 {¶ 22} "The magistrate erred by adding additional parenting time in his amended decision."
 {¶ 23} The original magistrate's decision in this matter granted appellee additional visitation during the children's Easter vacation in 2005. After appellant requested findings of fact and conclusions of law, the resulting amended magistrate's decision added "an additional weekend visit to make up for the visit denied in February 2004." Appellant contends that the magistrate did not have authority to amend his order by increasing appellee's visitation time.
 {¶ 24} The magistrate's amended decision and order does contain additional compensatory visitation time. However, the objections to the magistrate's decision and order were filed from the amended decision, and that decision was the one adopted by the juvenile court. This court finds nothing improper with respect to the amendment of the magistrate's decision in response to a motion for findings of fact and conclusions of law. The amendment was made before objections were filed, and before the order was adopted by the trial court. The fifth assignment of error is overruled.
 {¶ 25} The sixth assignment of error reads as follows:
 {¶ 26} "The trial court committed prejudicial error by denying appellant an opportunity to inquire into the reasons why the children did not desire to visit their mother."
 {¶ 27} At the hearing on the motion for contempt, appellant states that he was "attempting" to establish that the children did not want to visit with appellee because they did not have "a sufficient place to sleep." He sought to establish that appellee's home has "only two bedrooms and there are five children and two adults living there" when the children visit. Presumably, this would have served as a justification for the children's refusal to visit with appellee.
 {¶ 28} Again, the right of visitation should be denied only under extraordinary circumstances such as the unfitness of the non-custodial parent or a showing that visitation would cause harm. Ware. There was no evidence presented at the hearing, or proffered by appellant, that visiting with appellee would cause the children physical or mental harm. The record shows that the sleeping conditions at appellee's residence were known to the trial court and the guardian ad litem. Appellant's defense to the motion for contempt as presented at the hearing was that the children, on specified occasions, did not want to visit with appellee, and that appellee acquiesced to the children's wishes. The sixth assignment of error is overruled.
 {¶ 29} Judgment affirmed.
Walsh, P.J., and Young, J., concur.